# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSSETS

| | |
|---|---|
| RFID TECHNOLOGY INNOVATIONS, LLC, § § § | |
| Plaintiff, § | Case No: 1:20-cv-11286 |
| § | |
| vs. § | PATENT CASE |
| § | |
| A2B TRACKING INC, § § | |
| Defendant. § § | |

## COMPLAINT

Plaintiff RFID Technology Innovations, LLC ("Plaintiff" or "RFID") files this Complaint against A2B Tracking Inc., ("Defendant" or "A2B") for infringement of United States Patent No. 9,582,689 (the " '689 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with a place of business at 1801 NE 123 Street, Suite 314, Miami, FL 33181.

4. On information and belief, Defendant is a Massachusetts corporation with a place of business at 63 Hornbeam Road  P.O. Box 1814 Duxbury, MA 02331. On information and belief, Defendant may be served through its agent, Timothy Collins, at 207 Highpoint

Avenue, Portsmouth, RI 02871.

5. This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

## VENUE

7. On information and belief, venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant is deemed to be a resident of this District. Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 9,582,689)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '689 Patent with sole rights to enforce the '689 Patent and sue infringers.

11. A copy of the '689 Patent, titled "System and method for presenting information about an object on a portable electronic device," is attached hereto as Exhibit A.

12. The '689 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Upon information and belief, at least through internal testing, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1 of the '689 Patent by using and/or incorporating RFID tags with symbology ("Product") in connection with promotional media distributed by and/or controlled by Defendant in a manner covered by one or more claims of the '689 Patent. Defendant has infringed and continues to infringe the '689 Patent in violation of 35 U.S.C. § 271.

14. Regarding Claim 1, at least through internal use and testing, Defendant provides cloud based asset management system using RFID and Barcode tags tracking. Certain aspects of this element are illustrated in the screenshots below.

> **RFID Asset Tracking with your Smartphone**
>
> A2B Tracking technology is a secure cloud-based asset management system that incorporates RFID and advanced barcode tracking from one system.
>
> Connect your Smartphone via Bluetooth to the Zebra RFD8500 handheld while accessing the A2B RFID Tracker app to enable critical asset tracking features.
>
> Smartphone features include: Locate Assets, Inventory Cycle Counts, Check Out with Due Back Assignment, Check In, Asset Commissioning and more.
>
> Source: https://www.a2btracking.com/rfid-asset-tracking/

15. The Product practices scanning an object with an electronic device (e.g., handheld RFID scanner) wherein the object contains an RFID tag. The scanning is done to collect data from the object containing an RFID tag within a certain vicinity. The RFID scanner, together with the software, can display the proximity of the object. Certain aspects of this element are illustrated in the screenshots below and/or in screenshots provided in connection with other allegations herein.



16. The Product, after identifying position of the RFID tagged object, may then use a portable electronic device (scanner and mobile device) to detect symbology (e.g., barcode) associated with the object (i.e., item in a warehouse as shown below). A2B tracking software detects the RFID tag that also includes symbology (i.e., barcode). Certain aspects of this element are illustrated in the screenshots below and/or screenshots referenced in other paragraphs herein.



Source: https://www.youtube.com/watch?v=63ORchfFk2M

17. The Product decodes the symbology (i.e., barcode) to obtain a decode string using the one or more detection applications (A2B tracking app) residing on the electronic device (i.e., mobile app or mobile browser based access application). For example, the scanner decodes the barcode from the barcode tag on the object captured after RFID detection. Certain aspects of this element are illustrated in the screenshots below and/or screenshots referenced in other paragraphs herein.



18. The Product sends the decoded string (i.e., barcode being scanned) to a remote server (cloud server) for processing. For example, the mobile device sends the information associated with the barcode (i.e., the decode string) to the cloud server for fetching further information about the object. Certain aspects of this element are illustrated in the screenshots below and/or those referenced in other paragraphs herein.



19.     The Product practices receiving the information, from the server, based on the scanned barcode and displays various information about it.  Certain aspects of this element are illustrated in the screenshots below and/or those referenced in other paragraphs herein.



Source: https://www.youtube.com/watch?v=63ORchfFk2M

20. The Product displays the information on the display device (e.g., display screen of the electronic device (computer, laptop, etc.)). Certain aspects of this element are illustrated in the screenshots below and/or those referenced in other paragraphs herein.



21. Defendant's actions complained of herein will continue unless Defendant is

enjoined by this court.

22. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

23. Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 9,582,689 (or, in the alternative, awarding Plaintiff running royalties from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: July 8, 2020  Respectfully submitted,

*/s/ Anissa N. Davidson*
Anissa N. Davidson, Esq.
BBO 705,268
CHAVOUS INTELLECTUAL PROPERTY LAW LLC
793 Turnpike St., Unit 1
North Andover, MA 01845
Phone: (978) 655-4309
Fax: (978) 945-0549
adavidson@chavousiplaw.com


David A. Chavous, Esq.
CHAVOUS INTELLECTUAL PROPERTY LAW LLC
793 Turnpike St., Unit 1
North Andover, MA 01845
Phone: (978) 655-4309
Fax: (978) 945-0549
dchavous@chavousiplaw.com


**ATTORNEYS FOR PLAINTI**